# Staunton.

SHERRARD AND OTHERS v. WESTERN STATE HOSPITAL.

September 24, 1906.

Absent, Buchanan and Harrison, JJ.

1. WILLS—*Trust for Support—Construction.*—A gift by will of a fund in trust to be invested and to apply the income to the support and maintenance of a designated beneficiary during his life, without being in any manner· liable for his contracts nor under his control or disposition, and to return the principal at the beneficiary's death to the testator's estate to pass under his will as part of the residuum, vests in the beneficiary a life estate only in the income arising from the fund, and the fund cannot be kept invested after the beneficiary's death for the purpose of applying the income to the payment of a balance due for the beneficiary's support in excess of his income.

Appeal from a decree in chancery of the Circuit Court of Augusta county. Decree for the complainant. Defendants appeal.

*Reversed.*

The opinion states the case.

*Randolph Harrison, John B. Cochran* and *Peyton Cochran,* for the appellants.

*Timberlake & Nelson,* for the appellee.

WHITTLE, J., delivered the opinion of the Court.

This case involves the construction of the following clauses of the will of George M. Cochran, deceased:

"Fourth. I give to my son, James A. Cochran, as trustee for

my unfortunate son, Rodney Cochran, the sum of $7,500, said fund to be kept securely invested by said trustee, and the interest and income thereof said trustee will apply to the support and maintenance of said Rodney during his life. Said fund and its interest, however, to be in no manner liable for the contracts or to be under the control or disposition of Rodney; but said interest to be used and applied by the trustee, in his discretion, in such manner as in his opinion will best secure the comfort, welfare and happiness of said Rodney. This fund is to bear interest from the date of my death. At the death of Rodney I direct that after his funeral expenses are paid and all proper charges on the income of said fund are satisfied that the principal of said trust fund shall be returned to my estate and be disposed of as hereinafter provided for the residuum of my estate."

"Eighth. I direct that the residue of my estate shall be equally divided between my daughter, Maria L. Cochran, my sons George M. and James A. Cochran, and the children of my deceased daughter, Jane S. Harrison—the said children of Jane S. taking one-fourth as their mother's share, and said daughter Maria, and sons George and James A. each taking one-fourth; and the trust fund set aside for Rodney during his life shall at his death pass under this provision of my will as a part of the residuum of my estate."

Prior to testator's death, Rodney B. Cochran became an inmate of the Western State Hospital, of which institution he has continued to be a patient to this time; and the balance due for his support and maintenance, in excess of his income, amounted to $2,792.58 as of August 1, 1904. Whereupon the appellee filed its petition under the statute in the Circuit Court of Augusta county to subject the trust fund to the satisfaction of its demand.

By the decree appealed from the court, after directing payment of costs and establishing the balance due from the estate of Rodney B. Cochran, proceeded to order that the trust fund "be kept invested and the net income during said Rodney's life-

time applied first to the payment of the charges of his support and maintenance, and second to the amount above decreed in favor of said Western State Hospital; and upon the death of said Rodney B. Cochran the said fund shall be still maintained and kept . . . invested, the income thereof to be thenceforward applied, first to the payment of said Rodney B. Cochran's funeral expenses, and then to the liquidation of the unpaid balance due on account of the said debt hereinbefore decreed in favor of the Western State Hospital and any other indebtedness arising on account of said Rodney B. Cochran's support and maintenance, before the final distribution of the *corpus* of said trust fund."

We are of opinion that by the will of the testator, George M. Cochran, deceased, his son, Rodney B. Cochran, took a life estate only in the income arising from the fund set apart for his support; and that the principal sum should be kept intact, and at his death pass, as part of the residuum of the estate, to the beneficiaries named in the eighth clause of the will.

There is no escape from this conclusion, as it seems to us; and an attempt at exposition would tend to obscure rather than to elucidate the clearly expressed intention of the testator.

To the extent, therefore, to which the decree appealed from directs that the principal of the trust fund be maintained and kept invested after the death of Rodney B. Cochran, and that the income arising therefrom be applied to the payment of his debts, it is in contravention of the will of the testator and erroneous.

It is suggested that Rodney B. Cochran is entitled to one-sixteenth interest in remainder in the principal fund absolutely, as one of the distributees of his deceased brother, J. A. Cochran, a residuary legatee under the will. As the case will have to be reversed and remanded to the Circuit Court for further proceedings not in conflict with this opinion, that court can make proper disposition of Rodney B. Cochran's share of the lapsed legacy.

*Reversed.*